United States District Court

Eastern District of California

Nathaniel Brown,

      Plaintiff,                No. Civ. S 04-0477 DFL PAN P

   vs.                       Findings and Recommendations

Sacramento County Sheriff
Department, et al.,

      Defendants.

-oOo-

Plaintiff filed this action as a state prisoner without counsel; he subsequently was released from incarceration. Plaintiff claims Sacramento Sheriff Deputies Prehoda and Randonjic violated his civil rights when they used excessive force to arrest him on April 9, 2003.

Defendants moved April 22, 2005, for summary judgment. Plaintiff did not oppose.

1

Standard on Summary Judgment.

2    A party may move, without or without supporting affidavits,

3 for a summary judgment and the judgment sought shall be rendered

4 forthwith if the pleadings, depositions, answers to

5 interrogatories, and admissions on file, together with the

6 affidavits, if any, show that there is no genuine issue as to any

7 material fact and that the moving party is entitled to a judgment

8 as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

9    An issue is "genuine" if the evidence is such that a

10 reasonable jury could return a verdict for the opposing party.

11 Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is

12 "material" if it affects the right to recover under applicable

13 substantive law.  Id.  The moving party must submit evidence that

14 establishes the existence of an element essential to that party's

15 case and on which that party will bear the burden of proof at

16 trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

17 The moving party "always bears the initial responsibility of

18 informing the district court of the basis for its motion and

19 identifying those portions of 'the pleadings, depositions,

20 answers to interrogatories, and admissions on file, together with

21 the affidavits, if any'" that the moving party believes

22 demonstrate the absence of a genuine issue of material fact.

23 Id., at 323.  If the movant does not bear the burden of proof on

24 an issue, the movant need only point to the absence of evidence

25 to support the opponent's burden.  To avoid summary judgment on

26 an issue upon which the opponent bears the burden of proof, the

1

opponent must "go beyond the pleadings and by her own affidavits,

2  or by the "'depositions, answers to interrogatories, and

3  admissions on file,' designate 'specific facts showing that there

4  is a genuine issue for trial.'"  Id., at 324.  The opponent's

5  affirmative evidence must be sufficiently probative that a jury

6  reasonably could decide the issue in favor of the opponent.

7  Matsushita Electric Industrial Co., Inc. v. Zenith Radio

8  Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged

9  is implausible, stronger evidence than otherwise required must be

10  presented to defeat summary judgment.  Id., at 587.

11      Fed. R. Civ. P. 56(e) provides that "supporting and opposing

12  affidavits shall be made on personal knowledge, shall set forth

13  such facts as would be admissible in evidence, and shall show

14  affirmatively that the affiant is competent to testify to the

15  matters stated therein."  Nevertheless, the Supreme Court has

16  held that the opponent need not produce evidence in a form that

17  would be admissible at trial in order to avoid summary judgment.

18  Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether

19  the evidence could be submitted in admissible form and (2) "if

20  reduced to admissible evidence" would it be sufficient to carry

21  the party's burden at trial.  Id., at 327.  Thus, in Fraser v.

22  Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing

23  party's reliance upon her diary upon the ground it was hearsay

24  was overruled because the party could testify to all the relevant

25  portions from personal knowledge or read it into evidence as

26  recorded recollection.

1

A verified complaint based on personal knowledge setting

forth specific facts admissible in evidence is treated as an

affidavit.  Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995);

McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987); see also

Johnson v. Meltzer, 134 F.3d 1393 (9th Cir. 1998); Jones v.

Blanas, 393 F.3d 918 (9th Cir. 2004).

Application.

In his verified complaint, plaintiff, who is black, states

that he ran as Prehoda chased him on foot but then stopped

running and got down on the ground.  Plaintiff states Prehoda

used racial epithets and beat him with a baton on the face and

head for about 10 minutes while plaintiff neither resisted nor

struggled.  Randonjic joined Prehoda's attack and the officers

kicked plaintiff in the testicles, head and ribs.  They sprayed

pepper spray over plaintiff's open wounds then hosed him with

water, causing additional pain.  Defendants destroyed plaintiff's

bloody clothes so they could not be used as evidence.   Plaintiff

claims defendants Prehoda and Randnojic violated his rights under

the Fourth and Eighth Amendments and the due process clause of

the Fourteenth Amendment and committed state torts of assault and

battery and negligence.  Plaintiff claims defendant Sacramento

County Sheriff's Department is liable for inadequate supervision,

training and control of its officers.

Defendants meet their moving burden of establishing they are

entitled to summary judgment on Eighth Amendment and Fourteenth

Amendment claims, as a matter of law, because plaintiff was not a

1

convicted prisoner or a pretrial detainee at the time of the

attack.  They also meet their moving burden on tort claims based

on plaintiff's failure to comply with the California Tort Claims

Act.  The Sheriff's Department establishes it is entitled to

summary judgment under <u>Monell v. Department of Social Services</u>,

436 U.S. 658 (1978).  Plaintiff fails to oppose and defendants

have earned summary judgment on each of these claims.

The excessive force claim is governed by <u>Graham v. Conner</u>,

490 U.S. 386 (1989).  Claims that law enforcement officers used

excessive force in seizing a free citizen are analyzed under the

"objective reasonableness" standard of the Fourth Amendment.  490

U.S. at 396.  In applying the test of reasonableness a court must

give heed to the facts and circumstances of each particular case,

including the severity of the crime at issue, whether the suspect

poses an immediate threat to the safety of the officers or

others, and whether he is actively resisting arrest or attempting

to evade arrest by flight.  The issue of reasonableness may be

decided as a matter of law if, in resolving all factual disputes

in favor of the plaintiff, the officer's force was "objectively

reasonable" under the circumstances.  <u>Jackson v. City of</u>

<u>Bremerton</u>, 268 F.3d 646, 651 n. 1 (9th Cir. 2001); <u>Scott v.</u>

<u>Henrich</u>, 39 F.3d 912, 915 (9th Cir. 1994).

Defendants present uncontested evidence that Prehoda pulled

plaintiff over because the truck plaintiff was driving had a

broken tail light and no rear license plate and that plaintiff

repeatedly disregarded Prehoda's orders and fled on foot,

1

fighting off Prehoda twice and resuming flight.  <u>See</u> Prehoda

Decl. paras. 1-6.  Prehoda finally caught up with plaintiff,

wrestled him to the ground and ordered him to stop fighting.  <u>Id.</u>

paras. 7-11.  Prehoda did not know whether plaintiff had any

weapons.  <u>Id.</u> para. 12.

Defendants also submit evidence plaintiff continued to

struggle and Prehoda and Randonjic used only the degree of force

necessary to subdue plaintiff and place him in handcuffs.  This

evidence is controverted by the verified complaint which states

defendants beat plaintiff for 10 minutes while he was not

resisting.  Medical records submitted on summary judgment are

consistent with either scenario.

Defendants point out that plaintiff failed to respond to

requests for admission they served on him in February 2005 (viz.,

"admit . . . you did not obey the officer's command to get down

and stop fighting," "admit that after the officer sprayed you

with the pepper spray you continued to fight and struggle with

the officer to get away," "admit that after you were handcuffed .

. . you continued struggling").  The failure to respond to a

request for admission under Fed. R. Civ. P. 36 results in an

automatic admission of the matters requested; the admission is

self-executing and can be used as evidence in support of summary

judgment.  <u>Federal Trade Comm. v. Medicor LLC</u>, 217 F. Supp. 2d

1048, 1053 (C.D. Cal. 2002); <u>United States v. Kasuboski</u>, 834 F.2d

1345, 1349 (7th Cir. 1987); <u>American Auto. Ass'n v. AAA legal</u>

<u>Clinic of Jefferson CrOoke, P.C.</u>, 930 F.2d 1117, 1120 (5th Cir.

1

1991).

2       Any matter admitted under Rule 36 is "conclusively

3 established" unless the court on motion permits withdrawal or

4 amendment of the admission.  Plaintiff fails to oppose summary

5 judgment or otherwise move for withdrawal or amendment of his

6 admissions.  Nevertheless, the matters admitted do not justify

7 the degree of force used by defendants, as alleged in the

8 complaint.

9       Accordingly, the court hereby recommends defendants' April

10 22, 2005, motion for summary judgment be denied.

11       Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these

12 findings and recommendations are submitted to the United States

13 District Judge assigned to this case.  Written objections may be

14 filed within 20 days of service of these findings and

15 recommendations.  The document should be captioned "Objections to

16 Magistrate Judge's Findings and Recommendations."  The district

17 judge may accept, reject, or modify these findings and

18 recommendations in whole or in part.

19       Dated:  January 24, 2006.

20                              /s/ Peter A. Nowinski
                               PETER A. NOWINSKI
21                             Magistrate Judge

22

23

24

25

26